

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Charley Lockhart
State Treasurer
Austin, Texas

Dear Sir:

Opinion No. O-4133
Re: Whether or not a stamp
tax under Art. 7047e,
V. A. C. S., can be
charged for recording a
lien instrument securing
an obligation payable at
a fixed amount per month
during the life of a
certain person.

Your letter, asking what amount of stamps, if any,
should be required by a County Clerk on a contract lien in-
strument securing an indebtedness described by you, as a pre-
requisite to recording said instrument, was duly received.
The indebtedness secured by said lien is described by you as
follows:

"  . . . . The indebtedness secured is the sum of
$150.00 per month payable to two parties so long as
such parties may live and to the survivor thereof
so long as said survivor shall live with $15,000.00
additional to be paid on or before two years from
the death of the survivor, same being paid to the
legal representative of said survivor.

"One of the parties is dead. The survivor is a wo-
man approximately fifty-seven years of age. It is
my understanding that her life expectancy according
to the American Experience Table of Mortality is
approximately sixteen years. Of course, she may
live longer or she may die prior to that date. The
$15,000.00 note bears no interest."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

The statute involved in this question is Article 7047e, Vernon's Annotated Revised Civil Statutes of Texas, the pertinent parts of which read as follows:

"(a)  Except as herein otherwise provided there is hereby levied and assessed a tax of Ten (10¢) Cents on each One Hundred ($100.00) Dollars or fraction thereof, over the first Two Hundred ($200.00) Dollars, on all notes and obligations secured by chattel mortgage, deed of trust, mechanic's lien contract, vendor's lien, conditional sales contract and all instruments of a similar nature which are filed or recorded in the office of the County Clerk under the Registration Laws of this State; provided that no tax shall be levied on instruments securing an amount of Two Hundred ($200.00) Dollars, or less.  After the effective date of this Act, except as hereinafter provided, no such instrument shall be filed or recorded by any County Clerk in this State until there has been affixed to such instrument stamps in accordance with the provisions of this section; providing further that should the instrument filed in the office of the County Clerk be security of an obligation that has property pledged as security in a State or States other than Texas, the tax shall be based upon the reasonable cash value of all property pledged in Texas in the proportion that said property in Texas bears to the total value of the property securing the obligation; and, providing further that, except as to renewals or extensions of accrued interest, the provisions of this section shall not apply to instruments given in renewal or extensions of instruments theretofore stamped under the provisions of this Act or the one amended hereby, and shall not apply to instruments given in the refunding of existing bonds or obligations where the preceding instrument of security was stamped in accordance with this Act or the one amended hereby; provided further that the tax levied in this Act shall apply to only one instrument, the one of the greatest denomination, where several instruments are contemporaneously executed to secure one obligation; and provided further that when once stamped as provided

n. Charley Lockhart, page 3.

herein, an instrument may be recorded in any number of counties in this State without again being so stamped. This section shall not apply to instruments, notes, or other obligations taken by or on behalf of the United States or of the State of Texas, or any corporate agency or instrumentality of the United States, or of the State of Texas in carrying out a governmental purpose as expressed in any Act of the Congress of the United States or of the Legislature of the State of Texas, nor shall the provisions of this section apply to obligations or instruments secured by liens on crops and farm or agricultural products, or to livestock or farm implements, or an abstract of judgment.

"If the amount secured by an instrument is not expressed therein, or if any part of the security described in any such instrument appears to be located without the State of Texas, the County Clerk shall require proof by written affidavits of such facts as may be necessary to determine the amount of the tax due.

"(b) Payment of the tax as hereby levied shall be evidenced by affixing the stamps herein provided for, to all instruments included within the provisions of the Act, and it shall be the duty of the State Treasurer at all times to keep a supply of such stamps on hand for sale to any person upon demand and payment therefor, and the State Treasurer shall at the request of any County Clerk of the State of Texas consign said stamps to the different County Clerks. . . . . . "

This statute was construed in the case of City of lene v. Fryar, 143 S. W. (2nd) 654, in which the Court d:

" . . . In our opinion, the tax is not a property tax, but one not inappropriately designated as a privilege tax; that it is not levied upon the maker of notes or other obligations nor upon the owners thereof merely as such, but upon the privilege of such owners to have the specified liens filed and/or recorded under the registration laws. The tax, we think, is properly to be classified with those designated by Corpus Juris, as a 'mortgage recording tax' or in similar terms. 61 C. J. secs. 2270-2305, inclusive.'

"· · · ·

"While there is language in said Art. 7047e which imports the levy of the tax 'on all notes and obligations', same being further described as 'secured by chattel mortgage, deed of trust, mechanic's lien contract, vendor's lien, conditional sales contract and all instruments of a similar nature which are filed or recorded in the office of the County Clerk under the Registration Laws of this State', nevertheless, we think, the statute is properly to be construed as levying the tax not upon debts or evidences of debts, but upon the privilege of the lien holder to acquire the benefits of the registration laws. An essential to the liability of anyone for payment of the tax is that the lien be 'filed or recorded in the offide of the County Clerk.'. . . . the reference to 'notes and other obligations' in terms as though the levy was made thereon was only for the purpose of adopting the measure of the tax levied upon the privilege of the owners of such notes and other obligations to have the specified securities therefor filed and recorded under the registration laws."

It is apparent from the words of the statute and the holding in the case of City of Abilene v. Fryar, supra, that the tax is measured by the amount of the obligation secured by the lien instrument on which the stamps must be placed before it is recorded.

We believe that only that amount of the obligation that is certain, - the amount that will unquestionably become due, - is all that can be used in calculating the amount of stamps that must be placed on the instruments securing the same. In Attorney General's Opinion No. O-522, dated March 27, 1939, construing Article 7047e, V. A. C. S., (which read practically the same on this feature as the present statute) the question was asked whether or not tax stamps should be required on recorded lien instruments securing "all debts owing by the mortgagor to the mortgagee and any future advances", and it was held "future advancements must be disregarded in arriving at the amount of the tax, such advancements being indefinite and incapable of ascertainment".

The same holding was made in Attorney General's Opinion No. 0-1787, dated January 23, 1940, construing the present statute.

In this case the only amount of the obligation that is certain, - the only amount that will unquestionably become due, - is the $15,000.00 payment that will become due when the surviving beneficiary dies. The other payments may never become due. They will never become due if the surviving beneficiary dies immediately, that is, whether or not they become due depends upon said person living, and that unquestionably is "indefinite and incapable of ascertainment". As was so well stated in that early school book, the New England Primer:

> "Our days begin with trouble here,
>     Our life is but a span,
> And cruel death is always near,
>     So frail a thing is men."

Our answer to your inquiry is that the fixed final payment of $15,000.00 is all that can be used in calculating the stamp tax due under Article 7047e on the recording of the instrument in question, and that the obligations the payment of which depend upon the life of a certain person are too indefinite to be used in calculating the tax.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Cecil C. Rotsch_
Cecil C. Rotsch
Assistant

APPROVED DEC 30 1941

FIRST ASSISTANT
ATTORNEY GENERAL

CCR:mbt



APPROVED
OPINION
COMMITTEE
BY _Blo B_
CHAIRMAN